**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SHAKHLO ISLOMOVNA KURBONOVA,

Petitioner,

v.

ERNESTO SANTACRUZ JR., *et al.*,

Respondents.

Case No. 5:26-cv-05068-ACCV

**ORDER GRANTING PETITION FOR HABEAS CORPUS**

## I. RULING

On September 2, 2026, Petitioner Shaklo Islomovna Kurbonova ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, arguing her detention violates her right to procedural and substantive due process under the Fifth Amendment and the Administrative Procedure Act ("APA"). (Dkt. 1 at 10–11.)[1] For the reasons stated below, the Court grants the Petition in part.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Uzbekistan. (Dkt. 1 at 2–4.) Petitioner entered the United States on May 12, 2024, near Tecate, California. (Dkt. 1 at 2.) Petitioner was taken into custody the same day and was later released on June 12, 2024, on parole.

[1] All citations to Petitioner's and Respondents' filings refer to the pagination numbers added to the header when docketed in the Case Management/Electronic Case File system.

(*Id.* at 2.)

Petitioner lived with her family in Los Angeles, California, between her release from ICE custody on June 12, 2024, and her re-detainment on August 21, 2026. (Dkt. 1 at 9.)

Petitioner claims to have attended all required ICE check-ins. (Dkt. 1 at 2.) However, Petitioner failed to appear at Biometric check-ins on multiple occasions. (Dkt. 12 at 4.) Additionally, on August 18, 2026, Petitioner was arrested for violating California Penal Code § 273.5(a), Inflicting Corporal Injury on Spouse/Cohabitant/Date. (Dkt. 11 at 2.) Petitioner was released the next day on August 19, 2026. (*Id.*)

On August 21, 2026, Petitioner was detained while attending an ICE check-in. (Dkt. 1 at 2.) Petitioner was then transported to the Adelanto ICE Processing Center the same day. (*Id.*) No bond hearing has been held.

On September 2, 2026, Petitioner filed the Petition. (Dkt. 1.) Petitioner alleges her continued detention violates: (1) the Fifth Amendment (Procedural Due Process—Confinement Without a Meaningful, Individualized Custody Determination); (2) the Fifth Amendment (Substantive Due Process); and (3) Violation of 8 C.F.R. §212.5(e) and the Administrative Procedure Act (Re-Detention Without Written Notice of Termination of Parole). (*Id.* at 10–12.) Among the relief request, Petitioner asks that the Court enjoin Respondents from transferring Petitioner outside of the Central District of California, issue a writ of habeas corpus ordering Respondents to release her from ICE custody, find Petitioner's confinement violates Due Process pursuant to the Fifth Amendment and the APA, or in the alternative require a bond hearing. (*Id.* at 12.)

On September 8, 2026, Respondents filed Federal Respondents' Response to Petitioner's Ex Parte Application for Temporary Restraining Order and Answer to Petition for Writ of Habeas Corpus. (Dkt. 11.) Respondents argue that Petitioner appears to be entitled to request and receive an initial bond hearing pursuant to *Rodriguez Vazquez v. Bostock*, --- F.4th ---, 2026 WL 2196424 (9th Cir. 2026). (*Id*. at

2.) Respondents also argue that Petitioner is properly detained pending such potential bond proceedings because Petitioner was re-detained due to a material change of circumstance, Petitioner's arrest for domestic violence under California Penal Code § 273.5(a). (*Id.*) Respondents further argue that Petitioner has not exhausted Petitioner's administrative remedies. (*Id.*)

On September 11, 2026, Petitioner filed Petitioner' Reply in Support of Petition for Writ of Habeas Corpus and Ex Parte Application for Temporary Restraining Order. (Dkt. 12.) Petitioner largely reiterates Petitioner's claims and arguments in the Petition. (*Id.*)

## III. LEGAL STANDARD

Federal district courts possess the authority to grant petitions for writ of habeas corpus by a person who claims to be held "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "The petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); *see also Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025) (noting that immigration detainee bears burden of proving by a preponderance of the evidence that he is entitled to habeas relief).

## IV. DISCUSSION

In this habeas action, Petitioner claims that Petitioner's detention is unlawful because it violates Petitioner's procedural and substantive due process rights under the Fifth Amendment and the APA. (Dkt. 1 at 10–12.)

### A. Habeas Jurisdiction

A writ of habeas corpus may be granted to any petitioner who demonstrates "he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.

Ct. 1827, 1833, 36 L. Ed. 2d 439 (1973). "[A]t its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Rasul v. Bush*, 542 U.S. 466, 474, 124 S. Ct. 2686, 2692, 159 L. Ed. 2d 548 (2004). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

**B. Petitioner's Procedural Due Process Claim**

Petitioner argues Petitioner's ongoing detention violates Petitioner's procedural due process rights under the Fifth Amendment. (Dkt. 1 at 10-11.) The Court agrees.[2]

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the deprivation "of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The right to due process extends to noncitizens in the United States. *Zadvydas v. Davis*, 533 U.S. 678, 693, 121 S. Ct. 2491, 2497, 150 L. Ed. 2d 653 (2001). ("[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."); *Wong Wing v. United States*, 163 U.S. 228, 238, 16 S. Ct. 977, 41 L. Ed. 140 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guarant[e]ed by [the Fifth Amendment], and that even aliens shall not . . . be deprived of life, liberty, or property without due process of law."); *Trump v. J. G. G.*, 604 U.S. 670, 673, 145 S. Ct. 1003, 221 L. Ed. 2d 529 (2025) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings.") (citations modified).

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corr. v.*

---

[2] Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims.

*Thompson*, 490 U.S. 454, 460, 109 S. Ct. 1904, 104 L. Ed. 2d 506 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

**1. Constitutionally Protected Liberty Interest**

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty th[e] [Due] Clause protects." *Zadvydas*, 533 U.S. at 690. In *Morrissey v. Brewer*, the Supreme Court found "that the liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and often on others" and held that "the liberty is valuable and must be seen as within the protection of" due process. 408 U.S. 471, 482, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). Courts in this District, and others, have consistently found that noncitizens who have been released from immigration custody pending civil removal proceedings have a protected liberty interest in remaining out of immigration custody. Noncitizens in such circumstances "gained a liberty interest in their continued freedom when DHS elected to release them on their own recognizance under section 1226(a), which implied a promise that they would not be re-detained so long as they abided by the terms of their release." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d 919, 934 (N.D. Cal. 2025); *see e.g.*, *Zheng v. Noem*, No. EDCV 26-0675 JGB (RAOX), 2026 WL 851434, at *3 (C.D. Cal. Mar. 25, 2026); *Gourav v. Janecka*, No. EDCV 26-01253-MWF (DSR), 2026 WL 966568, at *2 (C.D. Cal. Apr. 7, 2026); *R.N.G. v. Semaia*, No. 5:26-CV-2839-DSR, 2026 WL 2089544, at *4 (C.D. Cal. July 14, 2026); *Rodolfo Jose Duran Martinez v. Markwayne Mullin et al.*, No. 5:26-CV-03805-BFM, 2026 WL 2111747, at *3 (C.D. Cal. July 20, 2026). Courts have also held that when noncitizens are released after an evaluation for dangerousness and flight risk, noncitizens may be re-arrested and redetained where there is a material change in circumstances. *Jose Luis Martinez Hernandez v. Markwayne Mullin*, *et. al.*, No. 2:26-cv-02034-TLF, 2026 WL 1998571, at *4 (W.D. Wash. July 10, 2026).

Additionally, while the U.S. Constitution generally requires some kind of hearing before the State deprives a person of liberty or property, there still may be situations in which a prompt post-deprivation hearing is appropriate. *See Guillermo* M. R., 791 F. Supp. 3d 1021, 1035-36 (N.D. Cal. July 17, 2025). The Courts recognize that there may be situations where an urgent arrest is required and a prompt post-deprivation hearing is appropriate. *See Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767, at *11 (E.D. Cal. Aug. 28, 2025) (citing *Zinermon*, 494 U.S. at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R.*, 2025 WL 1983677, at *9 ("absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ").

Here, Petitioner was apprehended at a routine ICE check-in on August 21, 2026. (Dkt. 1 at 9.) While Petitioner was arrested in relation to a domestic violence incident on August 18, 2026, there has been no conviction. (*Id.*) Petitioner spent over two years residing in Los Angeles with family up until her arrest by ICE. (*Id.*) As such, Petitioner has a protected liberty interest in remaining out of immigration custody.

**2. Procedural Protections**

The Court applies the three-part test established in *Mathews v. Eldridge* to determine whether the government's procedures were constitutionally sufficient. 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976). The *Mathews* test balances three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Matthews*, 424 U.S. at 335; *see also Zinermon v. Burch*, 494 U.S. 113, 127, 110 S. Ct. 975, 984, 108 L. Ed. 2d 100 (1990).

The first *Matthews* factor—the private interest—weighs in favor of Petitioner's

right to habeas relief. Petitioner has lived in the United States for over two years on supervision, Petitioner claims to have attended every ICE check-in, and Petitioner has filed an asylum application. (Dkt. 1 at 9.) However, Petitioner also missed several Biometric check-ins and was recently arrested for violating California Penal Code § 273.5(a), domestic violence. (Dkt. 11 at 2.) The first *Mathews* factor weighs in favor of Petitioner, though it does not weigh as strongly as it would for a noncitizen without any showing of material changed circumstances, particularly where such circumstances may be relevant to the assessment of dangerousness or flight risk.

The second *Matthews* factor—the risk of an erroneous deprivation—does not weigh against Petitioner's right to habeas relief. "'[T]he risk of an erroneous deprivation [of liberty] is high' where, as here, '[the petitioner] has not received any bond or custody redetermination hearing.'" *J.A.E.M. v. Wofford*, 812 F. Supp. 3d 1058, 1070 (E.D. Cal. 2025) (alterations in original) (quoting *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO (HC), 2025 WL 871334, at *5 (E.D. Cal. Mar. 19, 2025)). Petitioner was detained at an ICE check-in on August 21, 2026, three days after her release in relation to her domestic violence incident. (Dkt. 1 at 9.) Undoubtedly, Petitioner's arrest for domestic violence, which remains pending, constitutes a change in material circumstance from her initial release. However, there has been no bond hearing to re-evaluate Petitioner's status. Accordingly, the Court finds that a prompt post-deprivation hearing would be consistent with due process.

The third *Matthews* factor—the government's interest—does not weigh against Petitioner's right to habeas relief. The Government's interest in enforcing immigration laws, including "protecting the public from dangerous criminal [noncitizens]" and "securing [a noncitizen's] ultimate removal," are "interests of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). "These interests are in fact served by the individualized determination by an immigration judge, based on a review of evidence presented by the government and the noncitizen, as to whether an individual is dangerous or at risk of fleeing removal proceedings, under existing, well-

established procedures." *Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1161 (D. Nev. 2025). The Court can identify no reason that an individualized hearing would interfere with the government's interests. Respondents have not demonstrated that the administrative burden of providing a timely post-deprivation hearing is outweighed by the serious risk of erroneous deprivation, and the Petitioner's interest in continued liberty after she was previously released on her own recognizance. As such, the third *Mathews* factor weighs in Petitioner's favor to have a prompt hearing that addresses the basis for her re-detention.

On balance of the *Matthews* factors, the Court finds that a prompt post-deprivation hearing to be consistent with due process where such hearing considers the grounds for Petitioner's re-detention. Thus, Petitioner is entitled to habeas relief for her due process claim. Having reached the above conclusion on Petitioner's procedural due process claim, the Court declines to address Petitioner's other claims.

**C. Appropriate Relief**

In circumstances like the ones here, a bond hearing—where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community—is the appropriate relief. *See Kou v. Warden of the Adelanto Ice Processing Ctr.*, No. 5:26-CV-02923-AJR, 2026 WL 1722906, at *4 (C.D. Cal. June 11, 2026) (finding that petitioner's re-detention was triggered by an arrest, and the proper remedy for a due process violation was a prompt bond hearing where the government bears burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community); *Guerrero Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983-JLT-EPG-HC, 2026 WL 1224249, at *4 (E.D. Cal. May 5, 2026), report and recommendation adopted sub nom. *Alfaro v. Warden Golden State Annex Det. Facility*, No. 1:26-CV-02983 JLT EPG (HC), 2026 WL 1272626 (E.D. Cal. May 8, 2026) (ordering bond hearing for petitioner who was "detained after he was arrested for aggravated assault – strangulation of a domestic violence victim"). Here, Petitioner was detained shortly after Petitioner's

arrest for domestic violence. (Dkt. 11 at 2.) Accordingly, the Court finds that a post-deprivation hearing is the appropriate remedy.

## V. CONCLUSION

For the reasons stated, the Court grants the Petition in part and orders Respondents to provide Petitioner Shaklo Islomovna Kurbonova (A#226-040-776) an individualized bond hearing before an immigration judge within seven days, where the Government bears the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community. Respondents must file a notice of compliance within seven days of the bond hearing.

DATED: September 28, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge